**CLEARY GIACOBBE ALFIERI JACOBS LLC**
169 Ramapo Valley Road
Upper Level 105
Oakland, New Jersey 07436
Tel: 973-845-6700
Fax: 201-644-7601
Anthony P. Seijas, Esq. (Attorney ID No. 029711996)
Attorneys for Defendants

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| STEVEN CRAMPTON,<br><br>                           Plaintiff,<br><br>          vs.<br><br>CHIEF BRIAN MCDERMOTT, CITY OF PATERSON, PATERSON FIRE DEPARTMENT, MAYOR ANDRE SAYEGH, JOHN and JANE DOES 1-10 (Fictitious Names), and ABC CORP. 1-10 (Fictitious Companies),<br><br>                           Defendants. | CIVIL ACTION NO.<br><br><br>**NOTICE OF REMOVAL** |

TO THE HONORABLE JUDGES OF THE UNITED DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY:

Cleary Giacobbe Alfieri Jacobs LLC, counsel for the defendants, CHIEF BRIAN MCDERMOTT, CITY OF PATERSON, PATERSON FIRE DEPARTMENT, and MAYOR ANDRE SAYEGH (the "Defendants"), in the above-captioned matter, hereby file this Notice of Removal to remove an action currently pending in the Superior Court of New Jersey to the United States District Court for the District of New Jersey.

As grounds for removal, Defendants state as follows:

1. The plaintiff, Steven Crampton ("Plaintiff"), initiated this action in the Superior Court of New Jersey, Law Division, Passaic County, under Docket No. PAS-L-1274-23 by way of complaint entitled _Steven Crampton v. Chief Brian McDermott, City of Paterson, et al_, and filed on May 11, 2023 (the "Complaint"), a copy of which is annexed hereto as Exhibit A.

2. Defendants received a copy of the Complaint on June 20, 2023 and are filing this Notice of Removal within 30 days thereof.

3. The foregoing Complaint is all the process, pleadings and orders served upon Defendants in this action.

4. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. §1331 and is one which may be removed to this Court by Defendants pursuant to 28 U.S.C. §1441(a) in that Plaintiff's Complaint asserts claims arising under the Constitution, laws or treaties of the United States. Specifically, Plaintiff alleges acts of discrimination and retaliation in violation of the constitution under the doctrine of _respondeat superior_ pursuant to the holding in _Monell v. City of New York Department of Social Services_, 436 U.S. 658 (1978) for the acts and/or omissions by the City of Paterson and its employees and/or officials.

5.    Concurrent with the filing of this Notice of Removal, Defendants are filing a copy with the Clerk, Superior Court of New Jersey, Passaic County and providing a copy hereof to Plaintiff's counsel, Damon A. Vespi, Esq.

6.    Defendants do not waive any defenses by filing this Notice of Removal.

WHEREFORE, Defendants hereby gives notice that the above-captioned case now pending in the Superior Court of New Jersey, Law Division, Passaic County is removed therefrom to the United States District Court for the District of New Jersey where it shall proceed as an action originally commenced therein.

CLEARY GIACOBBE ALFIERI JACOBS LLC
*Attorneys for the Defendants*

By:    */s/ Anthony P. Seijas, Esq.*
       Anthony P. Seijas, Esq.

Dated: June 23, 2023

## CERTIFICATION OF SERVICE

I hereby certify that on this date I caused a true copy of the foregoing Notice of Removal to be served on all parties of record via overnight delivery to:

Damon A. Vespi, Esq.
The Vespi Law Firm, LLC
361 Union Boulevard
Totowa, New Jersey 07512
*Attorneys for Plaintiff*

I declare under penalty of perjury that the foregoing is true and correct.

CLEARY GIACOBBE ALFIERI JACOBS LLC
*Attorneys for the Defendants*

By:   */s/ Anthony P. Seijas, Esq.*
        Anthony P. Seijas, Esq.

Dated: June 23, 2023

EXHIBIT A

**THE VESPI LAW FIRM, LLC**
Damon A. Vespi - 025991998
361 Union Boulevard
Totowa, New Jersey 07512
TEL: 973-633-1000
Attorneys for Plaintiff

| | |
|---|---|
| **STEVEN CRAMPTON,** | **SUPERIOR COURT OF NEW JERSEY** |
| | **LAW DIVISION:  PASSAIC COUNTY** |
| **Plaintiff,** | |
| | **DOCKET NO.:** |
| **vs.** | |
| | **Civil Action** |
| **CHIEF BRIAN MCDERMOTT, CITY OF** | |
| **PATERSON, PATERSON FIRE** | |
| **DEPARTMENT, MAYOR ANDRE** | **COMPLAINT, TRIAL DESIGNATION,** |
| **SAYEGH, JOHN and JANE DOES 1-10** | **AND JURY DEMAND** |
| **(Fictitious Names), and ABC CORP. 1-10** | |
| **(Fictitious Companies).** | |
| | |
| **Defendants.** | |

Plaintiff, Steven Crampton (hereinafter "Plaintiff"), by way of Complaint against

Defendants, Chief Brian McDermott ("McDermott"), City of Paterson (the "City"), Paterson Fire

Department (the "Department") and Mayor Andre Sayegh ("Mayor Sayegh") (collectively, the

"Defendants"), John and Jane Does 1-10 (fictitious names) and ABC Corp. 1-10 (fictitious

companies) says:

## THE PARTIES

1.      Plaintiff, residing in the township of Wayne, County of Passaic, State of New

Jersey, is at all relevant times herein, a firefighter with the Paterson Fire Department with the rank

of Captain.  Plaintiff was appointed on March 7, 2005 and is an eighteen-year veteran of the

Department.  He is very well respected in the Department.

2.      Defendant City is a municipal subdivision organized pursuant to the laws of the State of New Jersey and operates by funding, staffing, supervising and otherwise controlling the operations of the Department. The City is a civil service jurisdiction regulated by the State's civil service laws, N.J.S.A. Title 11A and N.J.A.C. Title 4A, and the New Jersey Civil Service Commission.

3.      Defendants City and the Department are public employers, as defined pursuant to the New Jersey Civil Rights Act [hereinafter, the "NJCRA"], N.J.S.A. 10:6-1 et seq., the New Jersey Conscientious Employee Protection Act ("CEPA"), N.J.S.A. 34:19-1, et. seq. and as provided pursuant to the Laws of the State of New Jersey. Defendants City and the Department are liable for the acts of the Defendants alleged herein either as the direct employer of Plaintiff, the direct-acting party, and/or as a responsible party for the acts of its employees under the doctrine of *respondeat superior*. All actions alleged against Defendants City and the Department were carried out under the color of state law.

4.      Mayor Sayegh is the current mayor of the City. Mayor Sayegh was elected in 2018. This claim is brought against Mayor Sayegh in his individual capacity and/or as Mayor of the City. At all times relevant hereto, Mayor Sayegh is an "employer" as defined under CEPA and applicable law. Mayor Sayegh's office is located at 155 Market Street in the City of Paterson, State of New Jersey. Mayor Sayegh is a resident of the State of New Jersey.

5.      Defendant McDermott is presently the Chief of the Department.

6.      All of the Defendants have been listed herein based upon specific acts of civil rights violations and retaliation directed toward Plaintiff.

7.      All of the Defendants engaged in a conspiracy and acted jointly to subject Plaintiff to retaliatory acts and to civil rights violations.

2

8.      Defendants also violated Plaintiff's rights, liberties, and protections guaranteed by the Constitution of the State of New Jersey.  The purposeful misconduct of all of the Defendants has caused great harm and injury to Plaintiff.

9.      Defendants John and Jane Does 1 through 10 are or were at all relevant times, firefighters, supervisory chiefs, and/or supervising or administrative officials employed or appointed by the Department and/or Paterson.  These John and Jane Does also include persons who are or were agents, employees, and/or servants of the Department and/or Paterson or whose conduct was intended to further the unlawful and/or retaliatory efforts of these Defendants.  Said Defendants are fictitiously named herein inasmuch as their current identities are unknown to Plaintiff.  These fictitiously named Defendants are listed herein based upon their acts of retaliation and performing of overt violations of civil rights, of punishing Plaintiff for the lawful exercise of his civil rights, and of failing to report acts of clear deprivation of Plaintiff's civil rights.  Any and all allegations against any of the specifically named Defendants should be deemed to include and list these fictitiously named Defendants automatically by reference.  As the true identities of these Defendants are made known to Plaintiff, said John and Jane Doe Defendants shall be designated by proper name.

## FACTUAL BACKGROUND

10.      Plaintiff is a highly esteemed and respected member of the Department with eighteen (18) years of firefighting experience.  Plaintiff has received numerous commendations during the course of his career including the Medal of Valor for rescue of a trapped person in 2009, the Walt Burner award for revival of a person rescued in a house fire in 2009 and a Unit Citation in 2011 for the rescue of a trapped occupant on the second floor of a building and/or house.

3

11.    In addition, due to his exceptional work, Plaintiff was appointed to the position of Captain within the Department in 2017.

12.    Despite Plaintiff's stellar career, Defendants have steadfastly refused to recognize him for his many accomplishments in retaliation and in total disregard of the Civil Service laws and regulations of this State.

13.    Defendants' hostility toward Plaintiff stems from Plaintiff complaints and disclosing his concerns regarding what he believed in good faith to be violations of law and clear mandates of public policy related to the promotion of firefighters within the Department.

14.    By way of background, Plaintiff, along with other individuals, was hired to be a firefighter with the Department in 2005.

15.    To date, Plaintiff has no disciplinary history with Department.

16.    In 2010, Plaintiff received a call about an incident involving a vehicle that had crashed into a building on East 24th Street in the City of Paterson. Plaintiff aided in the evacuation of civilians from the building. Defendant McDermott arrived on scene and asked Plaintiff's Captain, Luis Cruz, to get Plaintiff out of the building due to his lack of USAR[1] Certification. This led to the start of the intentional, deliberate and prejudicial conduct of Defendant McDermott geared toward the Plaintiff in clear retaliation for the disregard of the Chief at the scene.

17.    On November 11, 2014, Plaintiff took the Civil Service Examination for the position of Fire Captain within the Department.

18.    On January 7, 2016, Plaintiff achieved the highest score on the examination and was ranked number one amongst applicants.

---

[1] Urban Search and Rescue. USAR is a type of certification issued by the Federal Government for work involving rescue. Paterson firefighters are not required to hold this certification.

4

19.     At the time of the examination results, there were openings for the position of Fire Captain.

20.     Plaintiff was not promoted to Fire Captain until February 2017. That same month, Plaintiff was appointed as the Captain of Emergency Medical Services of the Paterson Fire Department.

21.     In 2017, Michael Postorino was the Chief of the Department.

22.     In or about the middle of 2017, Plaintiff was in the firehouse located at 300 McBride Avenue, Paterson, New Jersey. Present in the firehouse were Chief Postorino and Defendant McDermott. Chief Postorino informed Plaintiff that he was doing a "great job." Overhearing Chief Posterino's comment to Plaintiff, Defendant McDermott stated in response "Good, you can stay there for the rest of your career."

23.     At or about the end of 2017, Plaintiff was transferred to Engine 4 as Captain of that firehouse by Chief Postorino.

24.     Defendant McDermott was sworn in as Paterson Fire Department Chief on or about January 29, 2018.

25.     In or about the beginning of 2018, Plaintiff responded to a call of a fire at a house located between Holsman and Haledon Avenue in the City.

26.     Chief McDermott was the acting tour commander at that time. At the scene of the house fire, Chief McDermott praised Plaintiff for his work helping extinguish the fire and evacuate the building.

27.     The following shift, which was three (3) days after Plaintiff battled the housefire, Chief McDermott arrived at the firehouse to commend everyone for their work battling the

housefire. Chief McDermott left the firehouse and Plaintiff and other firefighters remained at the firehouse.

28.    Approximately 25 minutes later, Tour Commander William Henderson arrived at the firehouse and informed Plaintiff that he was being transferred back to Emergency Medical Services.

29.    In early 2019, Plaintiff performed electrical services and maintenance for all Department stations. Plaintiff performed these services with firefighter Sean Daily and Captain Ryan Fender.

30.    In late 2019, Plaintiff was transferred to Engine Company #5 (Riverside Firehouse).

31.    In February 2021, Plaintiff was transferred to Ladder Company #3 (Riverside Firehouse).

32.    Pursuant to the New Jersey's constitution, all promotions or appointment decisions must be based on fitness or merit.

33.    Due to the start of the COVID-19 pandemic in or about March 2020, the New Jersey Civil Service Commission stopped all examinations.

34.    In response to the cessation of examinations by the New Jersey Civil Service Commission, Defendants appointed provisional employees to maintain the total count of employees for the Department.

35.    Pursuant to N.J.A.C. 4A:4-1.5, provisional employees cannot hold a position longer than 12 months. Any employee who fails to file for and take an examination that has been announced for that title shall be separated from the provisional title.

6

36.     In disregard of N.J.A.C. 4A:4-1.5, Chief McDermott stated that he obtained a waiver from the New Jersey Civil Service Commission for the 12-month time period and permitted Deputy and Battalion Chiefs to remain in provisionally appointed positions beyond the statutory time period of 12 months.

37.     On or about June 24, 2021, Captains Salvatore Brigati and Steven Diarco were appointed Battalion Chiefs of the Paterson Fire Department on a provisional basis.

38.     On May 21, 2022, the examination for the position of Battalion Chief was administered by the New Jersey Civil Service Commission and Plaintiff sat for this examination.

39.     Plaintiff passed the examination.

40.     Captains Salvatore Brigati and Steven Diarco did not sit for the Battalion Chief examination. As a result of their failure to sit for the required examination, Brigati and Diarco should have been removed from their provisional positions as Battalion Chiefs pursuant to N.J.A.C. 4A:4-1.5.

41.     By correspondence dated October 7, 2022, directed to Chief McDermott and Mayor Sayegh among others, Plaintiff through counsel addressed Defendants' failure to promote Plaintiff to Battalion Chief on a provisional basis. There was no formal response to the correspondence and Plaintiff was not promoted.

42.     On or about Friday, January 27, 2023, Plaintiff and his coworkers brought the Ladder 3 firetruck back to 850 Madison Avenue due to mechanical issues. The Plaintiff and his coworkers noticed a smell emanating from the firetruck and advised the firehouse mechanics about the smell. The mechanics advised that they would address the mechanical issues on Monday, January 30, 2023.

43. On Saturday, January 28, 2023 at approximately 6:30 p.m., the crew working at the firehouse were taken by ambulance to St. Joseph's Hospital in Paterson due to exposure to hydrogen sulfide from the Ladder 3 firetruck. Chief in charge of apparatus, Michael Cleenput, told Plaintiff to complete a Form 218[2]. Chief Cleenput stated to Plaintiff "Make sure you cross your T's and dot your I's because they are looking to pin this on somebody and given what you have going on with Chief McDermott, it might be you".

44. Pursuant, N.J.A.C. 4A:4-1.5, Plaintiff should have been appointed to the position of Battalion Chief on a provisional basis.

45. In violation of N.J.A.C. 4A:4-1.5, Defendants failed to promote Plaintiff to the position of provisional Battalion Chief.

46. In or about September 2022, Plaintiff asked his union representative, Michael Walker, about the legality of Chief McDermott's decision to allow Deputy and Battalion Chiefs to remain in their provision positions beyond the 12-month time period. Plaintiff also questioned Mr. Walker about Chief McDermott's failure to require provisional Deputy and Battalion Chiefs to sit for the required examination. In response, Mr. Walker advised that there was a waiver in place to allow the existing provisional appointments to extend beyond the 12-month time period. No proof of this alleged waiver was ever produced.

47. During this same time period, Plaintiff was no longer asked to perform electrical services for the Department; however, firefighter Sean Daily and Captain Ryan Fender continued to perform electrical services. No explanation was provided to Plaintiff, and he lost extra income as a result.

---

[2] Internal Department document to report incidents for the City of Paterson Fire Department.

48.    As a result of the above conduct by Defendants, Plaintiff has been significantly harmed. For instance, Plaintiff was denied provisional promotion to Battalion Chief in 2022 and denied the increased compensation provided with the promotion. The refusal to appoint Plaintiff to the position of Battalion Chief deprived Plaintiff of the valuable job experience afforded to Battalion Chiefs.

### COUNT ONE
### (RETALIATION IN VIOLATION OF NEW JERSEY CONSCIENTIOUS EMPLOYEE PROTECTION ACT "CEPA" N.J.S.A. 34:19-1)

49.    Plaintiff incorporates by reference each and every allegation made previously herein.

50.    The Plaintiff reported and objected to what he reasonably believed in good faith to be violations of law and clear mandates of public policy in connection with Defendants' failure to adhere to the requirements of N.J.A.C. 4A:4-1.5.

51.    Plaintiff reasonably believed all of the above violated public policy, law, policies and procedures, rules and/or regulations.

52.    However, no corrective actions were taken by Defendants, through their agents, employees and upper management, who directly condoned and engaged in said violations by allowing the aforesaid conduct to continue.

53.    Defendants colluded and conspired to retaliate against Plaintiff for reporting the violations of public policy, laws, rules, and regulations, which resulted in the failure of Plaintiff to obtain the position of provisional Battalion Chief.

54.    Defendants' wrongful actions were committed in direct retaliation for Plaintiff's exposure of the Defendants' violations of public policy, law, rules and regulations. Adverse employment action was taken against Plaintiff because of his disclosure of the Defendants'

9

activities. As Plaintiff's employers, Defendants violated the Conscientious Employee Protection Act, pursuant to N.J.S.A. 34:19-1, *et seq*.

55.    Plaintiff's voicing of his concerns and issues with what he reasonably believed to be improper handling of promotions by the Department and improper/politically motivated interference by political officials is considered "protected activity" as set forth in CEPA, N.J.S.A. 34:19-3.

56.    Defendants have violated CEPA by discriminating and retaliating against Plaintiff for engaging in said protected activities.

57.    There is a causal connection between Plaintiff's protected activity and these adverse employment actions.

58.    Defendants are liable for the acts of their employees/agents/officials pursuant to the doctrine of *respondeat superior*. Moreover, the custom, policy and practices of the employer caused Plaintiff harm.

59.    Defendants' acts were retaliatory, discriminatory, wrongful, without basis in law, in fact or in contract, arbitrary, capricious, unconscionable, contrary to constitutional, statutory and decisional law and otherwise erroneous.

60.    As a direct result of the Defendants' actions, Plaintiff has been deprived of his employment rights and other rights, has lost wages and benefits, and other emoluments of certain position denied. Plaintiff has sustained injury to his reputation and employability. Plaintiff has also suffered and will continue to suffer emotional distress, pain and suffering and physical effects due to the hostile work environment, discrimination and retaliation. Further, Plaintiff has been compelled to retain an attorney to vindicate his rights. Additionally, Plaintiff has been otherwise injured and will continue to be injured.

10

**WHEREFORE** Plaintiff demands judgment jointly and severally against Defendants for compensatory damages for back pay, emotional distress, damages for reputational and career development injury, consequential damages, incidental damages, punitive damages on account of Defendants' actual participation in and/or willful indifference to the retaliation and harassment committed against Plaintiff, attorney's fees and costs of suit, injunctive relief requiring remediation of Defendants' discrimination, harassment and retaliation through affirmative action, and any other relief deemed by the Court to be equitable and just.

### COUNT TWO
### NJCRA
### (Interference with Free Speech and Assembly)

61.     Plaintiff repeats and realleges the allegations set forth in the above paragraphs as if set forth at length herein.

62.     Plaintiff asserts that Defendants have interfered with, or attempted to interfere with, Plaintiff's exercise and enjoyment of his rights to freedom of speech, of political belief and assembly by retaliating against him, subjecting him to disparate treatment, the depriving him of the rights, privileges, and protections secured by the Constitution and or the laws of the State of New Jersey, instituting disciplinary actions against Plaintiff without due cause, and other adverse actions.

63.     Defendants have retaliated against Plaintiff for engaging in union activity including making his concerns known to his employer and otherwise exercising his rights.

64.     Defendants have interfered with, or attempted to interfere with, Plaintiff's state statutory and/or constitutional rights and privileges by retaliating against Plaintiff and by way of threats, intimidation, or coercion.

11

65.     Defendants' acts were retaliatory, discriminatory, wrongful, without basis in law or in fact, arbitrary, capricious, unconscionable, contrary to constitutional statutory and administrative law and otherwise erroneous.

66.     Defendants are liable to Plaintiff under the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 to 10:6-2, which creates a state law cause of action for the interference with, or the attempted interference with any substantive due process or equal protection rights, privileges, or immunities secured by the Constitution or laws of this State. N.J.S.A. 10:6-2(c) provides a remedy against public defendants for a person who demonstrates that his exercise or enjoyment of any substantive due process or equal protection rights, privileges, or immunities secured by the Constitution or laws of this State has been interfered with. Such person "may bring a civil action for damages and for injunctive or other appropriate relief." N.J.S.A. 10:6-2(c).

67.     Defendants are liable to Plaintiff for the interference with, or the attempted interference with, violation of these constitutional and statutory rights under the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 to 10:6-2.

68.     All actions alleged against Defendants were carried out under the color of state law.

69.     Defendants are all liable for the acts of their employees pursuant to the doctrine of *Respondeat Superior*.

70.     As a direct result of Defendants' wrongful conduct, Plaintiff has been deprived of his rights, has been subjected to humiliation and damage to his reputation, has suffered and continues to suffer emotional distress, pain and suffering. Further, Plaintiff has been compelled to retain an attorney to vindicate his rights. Additionally, Plaintiff has been otherwise injured.

**WHEREFORE** Plaintiff demands judgment jointly and severally against Defendants for compensatory damages for back pay, emotional distress, damages for reputational and career

development injury, consequential damages, incidental damages, punitive damages on account of Defendants' actual participation in and/or willful indifference to the retaliation and harassment committed against Plaintiff, attorney's fees and costs of suit, injunctive relief requiring remediation of Defendants' discrimination, harassment and retaliation through affirmative action, and any other relief deemed by the Court to be equitable and just.

## COUNT THREE
### NJCRA
### (Violation of Right to Free Speech and Assembly)

71.    Plaintiff repeats and realleges the allegations set forth in the above paragraphs as if set forth at length herein.

72.    Defendants have engaged in harassing conduct and retaliation against Plaintiff based upon his exercise of free speech and assembly. Plaintiff has lawfully exercised his right of freedom of speech and his valid rights to associate freely and politically.

73.    The retaliation for the exercise of these rights by Plaintiff includes unwarranted disciplinary charges, the deprivation of Plaintiff's rights, privileges, and immunities secured by the Constitution and or the laws of the State of New Jersey, seizing and refusing to return Plaintiff's firearm, the refusal to properly investigate his complaints and comply with legal requirements for same, and other adverse actions.

74.    Defendants have violated Plaintiff's state statutory and/or constitutional rights and privileges and Defendants have deprived him of said rights and privileges.

75.    Defendants' acts were retaliatory, discriminatory, wrongful, without basis in law or in fact, arbitrary, capricious, unconscionable, contrary to constitutional statutory and administrative law and otherwise erroneous.

13

76.     Defendants are liable to Plaintiff under the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 to 10:6-2, which creates a state law cause of action for the deprivation of the rights, privileges, and protections secured by the Constitution and the laws of the State of New Jersey. N.J.S.A. 10:6-2(c) provides a remedy against public defendants for a person who demonstrates that he "has been deprived of any substantive due process or equal protection rights, privileges, or immunities secured by the Constitution or laws of this State." Such person "may bring a civil action for damages and for injunctive or other appropriate relief." N.J.S.A. 10:6-2(c).

77.     Defendants also violated Plaintiff's constitutional rights to freedom of speech and freedom of assembly, as guaranteed by Article I, paragraphs 6 (freedom of speech) and 18 (freedom of assembly) of the New Jersey Constitution. Defendants' conduct was in direct retaliation for Plaintiff's conduct which is protected by the New Jersey Constitution and violated his rights to freedom of speech and assembly.

78.     Defendants are liable to Plaintiff for the violation of these constitutional and statutory rights under the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 to 10:6-2.

79.     All actions alleged against Defendants were carried out under the color of state law.

80.     Defendants are all liable for the acts of their employees pursuant to the doctrine of *respondeat superior*.

81.     As a direct result of Defendants' wrongful conduct, Plaintiff has been retaliated against, deprived of his rights, has been subjected to humiliation and damage to his reputation, has suffered and continues to suffer emotional distress, pain and suffering. Further, Plaintiff has been compelled to retain an attorney to vindicate his rights. Additionally, Plaintiff has been otherwise injured.

14

**WHEREFORE** Plaintiff demands judgment jointly and severally against Defendants for compensatory damages for back pay, emotional distress, damages for reputational and career development injury, consequential damages, incidental damages, punitive damages on account of Defendants' actual participation in and/or willful indifference to the retaliation and harassment committed against Plaintiff, attorney's fees and costs of suit, injunctive relief requiring remediation of Defendants' discrimination, harassment and retaliation through affirmative action, and any other relief deemed by the Court to be equitable and just.

**COUNT FOUR**
**(Pierce Claim)**

82.     Plaintiff incorporates by reference each and every allegation made previously herein.

83.     Plaintiff was wrongfully retaliated against and disciplined by Defendants as a result of Plaintiff's complaints of Defendants' violations of public policy.

84.     Plaintiff reasonably believed that Defendants engaged in unethical, illegal, and unsafe practices, which were contrary to clear mandates of public policy, as delineated in the decision Pierce v. Ortho Pharmaceutical Corp., 84 N.J. 581 (1980).

85.     Defendants' acts were wrongful, without basis in law or in fact, arbitrary, capricious, unconscionable, unconstitutional, contrary to law and otherwise erroneous.

86.     As a direct result of Defendant's' wrongful conduct, Plaintiff has sustained lost wages and damages. Plaintiff has sustained injury to his reputation and employability. Plaintiff has also suffered emotional distress, pain, and suffering. Further, Plaintiff has been compelled to retain an attorney to vindicate his rights. Additionally, Plaintiff has been otherwise injured.

**WHEREFORE** Plaintiff demands judgment jointly and severally against Defendants for compensatory damages for back pay, emotional distress, damages for reputational and career

15

development injury, consequential damages, incidental damages, punitive damages on account of Defendants' actual participation in and/or willful indifference to the retaliation and harassment committed against Plaintiff, attorney's fees and costs of suit, injunctive relief requiring remediation of Defendants' discrimination, harassment and retaliation through affirmative action, and any other relief deemed by the Court to be equitable and just.

**COUNT FIVE**
**New Jersey Civil Rights Act**
**(Violation of Statutory and Constitutional Rights)**

87.    Plaintiff incorporates by reference each and every allegation made previously herein.

88.    Plaintiff asserts that Defendants have engaged in employment discrimination and retaliation based upon the political affiliation of the Plaintiff and the lawful exercise of his valid right to associate freely and politically.

89.    The retaliation for the exercise of these rights by the Plaintiff includes disparate treatment, the refusal to promote Plaintiff to the rank of provisional Battalion Chief and concomitant loss of pay and benefits, unfavorable shifts and assignments, the creation of a hostile work environment, petty acts of harassment, and other adverse employment decisions.

90.    Defendants are liable to Plaintiff under the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 to 10:6-2, which creates a state law cause of action for violations of an individual's state statutory and/or constitutional rights.   N.J.S.A. 10:6-2(c) provides a remedy against public defendants for a person who demonstrates that he or she "has been deprived of any substantive rights, privileges or immunities secured by the Constitution or laws of this State." Such person "may bring a civil action for damages and for injunctive or other appropriate relief." N.J.S.A. 10:6-2(c).

16

91.     Defendants violated the New Jersey Constitution by failing to promote Plaintiff to provisional Battalion Chief in accordance with standards of "merit and fitness to be ascertained, as far as practicable, by examination, which, as far as practicable, shall be competitive..." (Art. VII, Sect. 1, Par. 2).

92.     In failing to administer the criteria of merit and fitness for the promotion and failing to promote Plaintiff without any basis when a legitimate need existed, Defendants committed an ultra vires act violative of the New Jersey Constitution, State Statutes/Code Enactments, and applicable case law.

93.     Defendants also violated N.J.S.A. 11A:2-24 ("Protection Against Reprisals") and N.J.A.C. 4A:2-5.1 by continuing to refuse to promote Plaintiff to provisional Battalion Chief for politically retaliatory reasons and to carry out private vengeance or to satisfy a personal grudge.

94.     Defendants also violated Plaintiff's constitutional rights to freedom of speech and freedom of assembly, as guaranteed by Article I, paragraphs 6 (freedom of speech) and 18 (freedom of assembly) of the New Jersey Constitution. Defendants' conduct was motivated by discrimination and political patronage. Defendants' conduct was in direct retaliation for Plaintiff's conduct which is protected by the New Jersey Constitution and violated his right to freedom of speech, of political belief and assembly.

95.     Plaintiff engaged in protected activity known to Defendants; was denied the promotion sought and had other adverse employment actions taken against him; and Plaintiff's protected activity was the cause of these adverse employment actions.

96.     Defendants are liable to Plaintiff for the violation of these constitutional and statutory rights under the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 to 10:6-2.

97.     All actions alleged against Defendants were carried out under the color of state law.

98.    Defendants are liable for the acts of their employees pursuant to the doctrine of *respondeat superior*.

99.    As a direct result of Defendants' wrongful conduct, Plaintiff has been deprived of employment rights and other rights, has lost wages and seniority benefits, and other emoluments of the position denied.  Plaintiff has sustained injuries to his reputation and to his employability.  Plaintiff has also suffered emotional distress, pain and suffering.   Further, Plaintiff has been compelled to retain an attorney to vindicate his rights.  Additionally, Plaintiff has been otherwise injured.

100.    Defendants' acts were discriminatory, wrongful, without basis in law or in fact, arbitrary, capricious, unconscionable, contrary to constitutional and administrative law and otherwise erroneous.

**WHEREFORE** Plaintiff demands judgment jointly and severally against Defendants for compensatory damages for back pay, emotional distress, damages for reputational and career development injury, consequential damages, incidental damages, punitive damages on account of Defendants' actual participation in and/or willful indifference to the retaliation and harassment committed against Plaintiff, attorney's fees and costs of suit, injunctive relief requiring remediation of Defendants' discrimination, harassment and retaliation through affirmative action, and any other relief deemed by the Court to be equitable and just.

<u>**COUNT SIX**</u>
**(Intentional Infliction of Emotional Distress)**

101.    Plaintiff incorporates by reference each and every allegation made previously herein.

102.    As set forth in preceding paragraphs, Plaintiff's various complaints regarding

18

Defendants' unethical and/or illegal practices, wrongful misconduct, and retaliation went unheeded, and he was continually subjected to retaliation and demeaning and distressing behavior by Defendants.

103.    Defendants intentionally imposed verbal and mental abuse on Plaintiff, forced him to endure a hostile, abusive, and embarrassing work environment, and caused him to suffer severe mental and emotional distress.

104.    As a direct, foreseeable, and proximate result of the outrageous actions of Defendants, Plaintiff has suffered and will continue to suffer damages including but not limited to severe emotional distress, humiliation, embarrassment, and severe anxiety manifesting itself in physical and psychological symptoms.

105.    All of the Defendants did intentionally, maliciously, and/or in gross and wonton disregard of the safety and well-being of Plaintiff cause Plaintiff to sustain severe emotional upset and injury.

106.    Defendants are responsible for the actions of their employees pursuant to the doctrine of *respondeat superior*.

107.    Defendants' acts were wrongful, without basis in law or in fact, arbitrary, capricious, unconscionable, unconstitutional, contrary to law and otherwise erroneous.

108.    As a direct result of Defendant's' wrongful conduct, Plaintiff has sustained lost wages and damages. Plaintiff has sustained injury to his reputation and employability. Plaintiff has also suffered emotional distress, pain, and suffering. Further, Plaintiff has been compelled to retain an attorney to vindicate his rights. Additionally, Plaintiff has been otherwise injured.

**WHEREFORE** Plaintiff demands judgment jointly and severally against Defendants for compensatory damages for back pay, emotional distress, damages for reputational and career

development injury, consequential damages, incidental damages, punitive damages on account of Defendants' actual participation in and/or willful indifference to the retaliation and harassment committed against Plaintiff, attorney's fees and costs of suit, injunctive relief requiring remediation of Defendants' discrimination, harassment and retaliation through affirmative action, and any other relief deemed by the Court to be equitable and just.

**COUNT SEVEN**
**(Respondeat Superior & <u>Monell</u> Liability Against Defendants)**

109.    Plaintiff incorporates by reference each and every allegation made previously herein.

110.    The acts and/or omissions complained of herein were undertaken by the City, its administration, supervisory employees, employees, as well as other agents, contractors and/or employees of the City, as part of a policy, practice or customs of the City.

111.    At all times these acts were in the course and within the scope of the actors' duties, employment and/or contractual relationships with the City.

112.    The City's administration and supervisory personnel were aware of, authorized, approved of, ratified and/or participated in these acts and/or omissions.

113.    As a direct and proximate result thereof, Plaintiff has been damaged.

114.    The City is therefore vicariously liable to Plaintiff under the doctrine of *respondeat superior* for all acts and/or omissions complained of herein.

115.    Further, the City is vicariously liable under the holding of <u>Monell v. City of New York Department of Social Services</u>, 436 <u>U.S.</u> 658 (1978) for the acts and/or omissions of the individual defendant, Mayor Sayegh.

**WHEREFORE** Plaintiff demands judgment jointly and severally against Defendants for compensatory damages for back pay, emotional distress, damages for reputational and career

development injury, consequential damages, incidental damages, punitive damages on account of

Defendants' actual participation in and/or willful indifference to the retaliation and harassment

committed against Plaintiff, attorney's fees and costs of suit, injunctive relief requiring

remediation of Defendants' discrimination, harassment and retaliation through affirmative action,

and any other relief deemed by the Court to be equitable and just.

THE VESPI LAW FIRM, LLC

By:    DAMON VESPI, ESQ.
      Attorney for Plaintiff

Dated:  May 11, 2023

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, **JARED E. DRILL, Esq.,** is designated as trial counsel.

THE VESPI LAW FIRM, LLC

By:    DAMON VESPI, ESQ.
      Attorney for Plaintiff

Dated:  May 11, 2023

## DEMAND FOR TRIAL BY JURY

Please take notice that Plaintiff, Steven Crampton, demands a trial by jury.

THE VESPI LAW FIRM, LLC

By:    DAMON VESPI, ESQ.
      Attorney for Plaintiff

Dated:  May 11, 2023

21

## CERTIFICATION PURSUANT TO RULE 1:38-7(b)

I hereby certify that all confidential personal identifiers have been redacted from documents now submitted to the Court, and will be redacted from all documents submitted in the future in accordance with R. 1:38-7(b).

THE VESPI LAW FIRM, LLC

By:   DAMON VESPI, ESQ.
Attorney for Plaintiff

Dated: May 11, 2023

## DUTY TO PRESERVE

All applicable employment, payroll and/or personnel records of the plaintiff are in the exclusive possession, custody and control of the defendants.  Defendants are hereby notified of the duty imposed by New Jersey law to maintain and preserve any and all employment, payroll and/or personnel records of the plaintiff throughout the course of the within litigation.

# Civil Case Information Statement

## Case Details: PASSAIC | Civil Part Docket# L-001274-23

**Case Caption:** CRAMPTON STEVE  VS MCDERMOTT BRIAN

**Case Initiation Date:** 05/11/2023

**Attorney Name:** DAMON ANTHONY VESPI

**Firm Name:** THE VESPI LAW FIRM

**Address:** 547 UNION BLVD
TOTOWA NJ 07512

**Phone:** 9736331000

**Name of Party:** PLAINTIFF ; CRAMPTON, STEVE

**Name of Defendant's Primary Insurance Company** (if known): Unknown

**Case Type:** WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA)

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: STEVE CRAMPTON? NO**

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
      **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
      **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

05/11/2023
Dated

/s/ DAMON ANTHONY VESPI
Signed